## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**STEVEN CRUMP,**

   **Plaintiff,**

   **v.**         **CASE NO.  24-3136-JWL**

**FISHER PATTERSON SAYLER
& SMITH, LLP, et al.,**

   **Defendants.**

## MEMORANDUM AND ORDER
## TO SHOW CAUSE

   Plaintiff Steven Crump is hereby required to show good cause, in writing, why this action should not be dismissed due to the deficiencies in Plaintiff's Complaint that are discussed herein.

### I.  Nature of the Matter before the Court

   Plaintiff filed this pro se civil rights case under 42 U.S.C. § 1983.  Plaintiff is in custody at the Johnson County Adult Detention Center in Olathe, Kansas ("JCADC").  The Court granted Plaintiff leave to proceed in forma pauperis.

   The Complaint (Doc. 1) is based on the alleged wrongful handling of Plaintiff's medical record.  In another of Plaintiff's nine (9) pending lawsuits, the Court ordered the preparation of a *Martinez* Report.  The Report included some of Plaintiff's medical records.  The records were filed with the Court and sealed so that only the parties and their attorneys could view them.  Because Plaintiff does not have access to the CM/ECF system, a hard copy of the records was sent to him at the JCADC.  Apparently, the JCADC uses Smart Communications/MailGuard, a company that scans incoming prisoner mail and delivers it to prisoners electronically via tablets.  According to Plaintiff, privileged mail is not supposed to be processed through MailGuard.  Plaintiff alleges that

this resulted in his medical records being "exposed" to "unauthorized parties." Plaintiff further claims that the defendants used the Smart Communications system with the intent to "embarrass, harm and discredit Crump." *Id.* at 4.

Plaintiff names as defendants: Fisher Patterson Sayler & Smith, LLP, the law firm representing the Johnson County Sheriff's Department; Kirk Ridgway, a lawyer at Fisher Patterson; Conner M. Russo, a lawyer at Fisher Patterson; two unnamed paralegals at Fisher Patterson; two unnamed secretaries at Fisher Patterson; Calvin Hayden, Sheriff of Johnson County; and Deana Crabb, a sheriff's department employee. Plaintiff seeks compensatory and punitive damages totaling $2 million. *Id.* at 7.

## II.  Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)– (2).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th

Cir. 2006).  On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based."  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action."  *Twombly*, 550 U.S. at 555 (citations omitted).  The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face."  *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the *pro se* plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated."  *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).  The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf."  *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals.  *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009).  As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief."  *Kay*, 500 F.3d at 1218 (citation omitted).  Under this new standard, "a plaintiff must 'nudge his claims across the

line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted). "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

## III. DISCUSSION

The Court has conducted the required screening and concludes that this matter is subject to dismissal for failure to state a claim upon which relief may be granted.

### A. Problems with the Defendants

As explained above, "[t]o state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by *a person acting under color of state law*." *West v. Atkins,* 487 U.S. 42, 48 (1988) (citations omitted) (emphasis added); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992).

Neither Fisher Patterson nor the six defendants who are attorneys or employees of Fisher Patterson are proper defendants to a § 1983 action because they did not act under color of state law. Generally, private parties do not act under color of state law. *Price v. Hawaii*, 939 F.2d 702, 707-08 (9th Cir. 1991). A two-part test exists to determine whether private-party action causes a deprivation that occurs under color of state law. *Lugar v. Edmonson Oil Co.*, 457 U.S. 922, 937 (1982). First, the deprivation must be caused by the exercise of some right or privilege created by the State; by a rule of conduct imposed by the state; or by a person for whom the State is responsible. *Id.* Second, the party charged with the deprivation must be a state actor. *Id.* A person

may become a state actor by performing a public function or being regulated to the point that the conduct in question is practically compelled by the State. *Vincent v. Trend Western Technical Corp.*, 828 F.2d 563, 569 (9th Cir. 1987).

Courts have held that private attorneys acting in their professional capacity while representing their client, even if their client is a municipality, are not state actors. *See Beedle v. Wilson*, 422 F.3d 1059, 1073 (10th Cir. 2005) (holding that an attorney and law firm were not state actors when they represented a county hospital where they were just acting in their professional capacity); *Horen v. Bd. of Educ.*, 594 F. Supp. 2d 833, 841 (N.D. Ohio 2009) ("attorneys do not become state actors by representing state or local governments"); *Goetz v. Windsor Central School District*, 593 F. Supp. 526, 528-29 (N.D.N. Y 1984) (finding that attorney who rendered advice to school district was not a state actor where complaint did not allege that attorney had any direct interest in action taken against plaintiff or that attorney was acting in any capacity other than as a privately retained attorney); *see also Anderson v. Toomey*, 324 F. App'x 711, 713 (10th Cir. 2009); *Fisher v. Lynch*, 531 F. Supp. 2d 1253, 1264 (D. Kan. 2008); *Herlocker v. Loffswold*, No. 16-2300-JAR-TJJ, 2016 WL 5851732, at *2 (D. Kan. Oct. 6, 2016).

However, if an attorney steps outside of his or her role of merely providing professional advice, the attorney may become a state actor. *See Cordova v. Vaughn Municipal Schl. Dist.*, 3 F. Supp. 2d 1216, 1220-20 (D.N.M. 1998) (allegations were sufficient to show attorney was a state actor were "his participation when beyond merely providing legal advice ... [and plaintiff] alleged he told [the board] to start building a record that could support disciplinary action, attempted to prevent news of the discipline from spreading, wrote letters of discipline containing false and poorly-investigated charges, rejected efforts by the state education department to defuse the situation, and finally encouraged the board to discharge Plaintiff rather than mete out some lesser

form of discipline."); *Majer v. Township of Long Beach*, 2009 WL 3208419, *10 (D.N.J. Sept. 30, 2009) (finding evidence that attorney went beyond providing legal advice to his client and became a *de facto* municipal decision-maker by rescinding a city program over the objection of a municipal employee was sufficient to create a question of fact regarding whether attorney was a state actor).

Here, Plaintiff does not allege facts to show that any of the Fisher Patterson defendants engaged in any conduct other than providing legal advice, representation, and associated clerical services to the Sheriff's Department. These defendants were not state actors and are subject to dismissal.

Plaintiff also names Sheriff Hayden as a defendant. However, an essential element of a civil rights claim against an individual is that person's direct personal participation in the acts or inactions upon which the complaint is based. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985); *Trujillo v. Williams*, 465 F.3d 1210, 1227 (10th Cir. 2006); *Foote v. Spiegel*, 118 F.3d 1416, 1423–24 (10th Cir. 1997). Conclusory allegations of involvement are not sufficient. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.").

Plaintiff's only allegations about Hayden are that he employed Fisher Patterson, and he is the "policy maker" for the sheriff's office. (Doc. 1, at 3.) An official's liability under § 1983 may not be predicated solely upon a theory of respondeat superior. *Rizzo v. Goode*, 423 U.S. 362, 371 (1976); *Duffield v. Jackson*, 545 F.3d 1234, 1239 (10th Cir. 2008); *Gagan v. Norton*, 35 F.3d 1473, 1476 FN4 (10th Cir. 1994), *cert. denied*, 513 U.S. 1183 (1995). To be held liable under § 1983, a supervisor must have personally participated in the complained-of constitutional deprivation. *Meade v. Grubbs*, 841 F.2d 1512, 1528 (10th Cir. 1988). "[T]he defendant's role must be more

than one of abstract authority over individuals who actually committed a constitutional violation." *Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir. 2008). Because the Complaint does not allege facts showing that Hayden personally participated in sending the records to MailGuard, Defendant Hayden is subject to dismissal.

Last, Plaintiff names Deanna Crabb as a defendant. She is a sheriff's department employee. Plaintiff alleges that she collected his medical records and delivered them to Fisher Patterson without ensuring that they knew that only non-privileged mail is to be sent to MailGuard. (Doc. 1, at 3.) While it appears that Crabb is a state actor and personally participated to some extent in the asserted violation, the Complaint does not credibly allege that her actions amounted to anything more than negligence. Claims under § 1983 may not be predicated on mere negligence. *See Daniels v. Williams*, 474 U.S. 327, 330 (1986) (holding that inmate who slipped on a pillow negligently left on a stairway by sheriff's deputy failed to allege a constitutional violation); *see also Medina v. City and County of Denver*, 960 F.2d 1493, 1500 (10th Cir. 1992) ("negligence and gross negligence do not give rise to section 1983 liability"). Crabb is also subject to dismissal from this action.

### B. Count I – 18 U.S.C. § 1509

Plaintiff attempts to bring his first count under 18 U.S.C. § 1509. However, 18 U.S.C. § 1509 is a federal criminal statute that does not provide Plaintiff with a private cause of action. *See Andrews v. Heaton*, 483 F.3d 1070, 1076 (10th Cir. 2007); *Lynch v. Bulman*, 2007 WL 2993612, *2 (10th Cir. 2007) (unpublished opinion). Count I is subject to dismissal.

### C. Count II – "14th Amendment Right to Privacy"

Plaintiff alleges in Count II that the defendants exposed his medical records and private information "with intent to embarrass, harm and discredit" him. (Doc. 1, at 4.)

The first problem with Plaintiff's claim is that the Complaint contains nothing more than the conclusory allegation of the defendants' intent.  There is no indication that the incident involved anything more than a mistake or negligence.  Plaintiff also does not explain how having his medical records sent to Smart Communications/MailGuard resulted in any harm to him or resulted in him being discredited.  As far as the Court can discern, there was no widespread disclosure of his personal information.  The only unauthorized person who would have viewed his records was the employee of Smart Communications who scanned the records in and sent them to Plaintiff.  The Complaint does not allege that any other prisoner or member of the general public had access to his records.

Moreover, even if the disclosure was widespread, "it can no longer be said in the context of government disclosure of information that "[t]here is *no dispute* that confidential medical information is entitled to constitutional privacy protection." *Leiser v. Moore*, 903 F.3d 1137, 1144–45 (10th Cir. 2018) *(quoting A.L.A. v. West Valley City*, 26 F.3d 989, 990 (10th Cir. 1994) (emphasis added)).  The Tenth Circuit explained that "[t]he Supreme Court has stated that this is an open question—it has never held that there is a constitutional right to prevent government disclosure of private information." *Id.*  The Court went on to suggest that it would be consistent with Tenth Circuit precedent to find that "disclosures are prohibited only when they shock the conscience," referring to two cases finding a constitutional violation where government officials disclosed a person's HIV status to the person's relatives, acquaintances, and employers.  *Id*. (discussing *A.L.A.*, 26 F.3d at 990, and *Herring v. Keenan*, 218 F.3d 1171, 1173 (10th Cir. 2000). The allegations contained in Plaintiff's Complaint do not rise to the level of conscience-shocking. Count II is subject to dismissal.

### D.  Count III – "Monell Claim"

Plaintiff describes this count as the "Sheriff's office [and] FPS&S recklessly disregarded the NEED to train its employees that Legal Mail is to be sent to JCADC directly to Steven Crump instead of sending Legal, Private Docs to the Public Company who searches and reads inmates' letters."  (Doc. 1, at 6.)

Because the Court finds that Plaintiff fails to state a claim for violation of his constitutional rights, there is by extension no municipal or supervisory liability for a violation.  Further, the Sheriff's office or department is not a suable entity under § 1983.  *See e.g. Martinez v. Winner,* 771 F.2d 424, 444 (10th Cir. 1985) ("The 'City of Denver Police Department' is not a separate suable entity."); *see also Moore v. Diggins*, 633 F. App'x 672, 677 (10th Cir. 2015) (holding the Denver Sheriff's Department "is not a suable entity under § 1983"); *Faulkner v. Correct Care Sols.*, No. 13-3127-SAC, 2013 WL 5499815, at *4 (D. Kan. Oct. 3, 2013) (finding the Johnson County Sheriff's Department is not a suable entity); *Burnett v. McPherson Cty. Sheriff's Dep't*, No. 07-3038-SAC, 2008 WL 161681, at *3 (D. Kan. Jan. 16, 2008) (McPherson County Sheriff's Department is not a person within the meaning of §1983 and is not a suable entity); *Williams v. Clay Cty. Police Dep't*, No. 10-CV-2658-EFM, 2011 WL 2294257, at *3 (D. Kan. June 8, 2011), *aff'd,* 442 F. App'x 396 (10th Cir. 2011) ("It is well established that under Kansas law, police departments lack the capacity to be sued."); *Pfuetze v. Kansas*, No. 10-1139-CM-GLR, 2010 WL 3892243, at *5 (D. Kan. Sept. 29, 2010) (Sedgwick County Sheriff's Department is not a legal entity amendable to suit).  Count III is subject to dismissal.

### E.  Count IV – Gross Negligence

Negligence is a state law claim and does not supply grounds for a constitutional cause of action.  Claims under § 1983 may not be predicated on mere negligence.  *See Daniels v. Williams*,

474 U.S. 327, 330 (1986).  It is well-settled that state law violations are not grounds for relief under § 1983.  "[A] violation of state law alone does not give rise to a federal cause of action under § 1983." *Malek v. Haun*, 26 F.3d 1013, 1016 (10th Cir. 1994) (citation omitted).  This Court is not obliged to exercise supplemental jurisdiction over any state law claims, even if valid, given that Plaintiff has failed to allege a federal claim.  *See* 28 U.S.C. § 1367(c)(3); *Loggins v. Norwood*, 854 F. App'x 954, 957 (10th Cir. 2021) (unpublished) (affirming district court's decision declining to exercise supplemental jurisdiction over plaintiff's remaining state-law claims alleging slander and defamation).  Count IV is subject to dismissal.

### F.  Count V – Intentional and Negligent Infliction of Emotional Distress

As with a negligence cause of action, intentional infliction of emotional distress is a state law claim that does not provide grounds for relief under § 1983.  *Malek*, 26 F.3d at 1016. Furthermore, a prisoner may not recover damages in a § 1983 action for mental or emotional harm in the absence of a physical injury resulting from the asserted constitutional violation. Section 1997e(e) provides in pertinent part that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."  42 U.S.C. § 1997e(e). Plaintiff has not asserted any physical injury.  Count V is subject to dismissal.

### G.  Count VI – Legal Malpractice

Plaintiff asserts a claim for legal malpractice against Fisher Patterson.  This claim fails because Plaintiff has not alleged that Fisher Patterson entered into an attorney-client relationship with him so as to trigger a duty of care.

"In a diversity case such as this one, the substantive law of the forum state governs the analysis of the underlying claims."  *Eureka Water Co. v. Nestle Waters N. Am., Inc.*, 690 F.3d

1139, 1145 (10th Cir. 2012) (internal citation omitted). To prevail on a claim of legal malpractice under Kansas law, a claimant must establish (1) the existence of an attorney-client relationship giving rise to a duty; (2) the attorney's breach of that duty by act or omission; (3) the breach proximately caused injury to the client; and (4) the client sustained actual damages. *Phillips v. Carson,* 731 P.2d 820 (Kan. 1987). The Court finds that Plaintiff cannot state a claim for legal malpractice against Fisher Patterson because he has not alleged that he had an attorney-client relationship with Fisher Patterson. This count is subject to dismissal.

### H. Count VII – "14th Amendment Reprehensible Conduct – Seeking Punitive Damages"

Plaintiff seeks punitive damages, which "are available only for conduct which is 'shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others.'" *Searles v. Van Bebber*, 251 F.3d 869, 879 (10th Cir. 2001) (quoting *Smith v. Wade*, 461 U.S. 30, 56 (1983)). Plaintiff presents no plausible basis for a claim of punitive damages because he alleges no facts whatsoever establishing that any defendant acted with a sufficiently culpable state of mind. Plaintiff's claim for punitive damages is subject to dismissal.

## IV. Motion

Also before the Court is a motion for preliminary injunction (Doc. 4) filed by Plaintiff. Plaintiff repeats the allegations that he makes in the Complaint and asks the Court to order the Sheriff's Office to "delete all private information from Smart Communications' servers." (Doc. 4, at 1.) He argues that his personal information is now saved on servers "accessible to all Jo. Co. authorities." *Id*. Plaintiff asserts that he will suffer unspecified irreparable harm if his motion is not granted.

To obtain a preliminary injunction, the moving party must demonstrate four things: (1) a

likelihood of success on the merits; (2) a likelihood that the movant will suffer irreparable harm in the absence of preliminary relief; (3) that the balance of the equities tip in the movant's favor; and (4) that the injunction is in the public interest.  *Little v. Jones*, 607 F.3d 1245, 1251 (10th Cir. 2010).  "[A] showing of probable irreparable harm is the single most important prerequisite for the issuance of a preliminary injunction."  *Dominion Video Satellite, Inc. v. Echostar Satellite Corp.,* 356 F.3d 1256, 1260 (10th Cir. 2004).

Plaintiff's allegations do not establish that injury is certain and not theoretical, or more than merely feared as liable to occur in the future.  "To constitute irreparable harm, an injury must be certain, great, actual and not theoretical."  *Heideman v. S. Salt Lake City,* 348 F.3d 1182, 1189 (10th Cir. 2003) (internal quotation marks omitted).  A preliminary injunction is only appropriate "to prevent existing or presently threatening injuries.  One will not be granted against something merely feared as liable to occur at some indefinite time in the future."  *State of Connecticut v. Commonwealth of Massachusetts,* 282 U.S. 660, 674 (1931).

Plaintiff's only argument is that his information is "accessible to all Jo. Co. authorities." However, Plaintiff fails to explain why, as a prisoner at the JCADC, all of his personal and medical information is not already accessible to any county "authority" who would have access to Plaintiff's mail on the Smart Communications server.

A preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief."  *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008).  A preliminary injunction is appropriate only when the movant's right to relief is clear and unequivocal.  *Schrier v. Univ. of Colo.*, 427 F.3d 1253, 1258 (10th Cir. 2005). Finally, a mandatory preliminary injunction, such as the one sought by Plaintiff, which requires the non-moving party to take affirmative action, is disfavored and therefore requires the moving

party to make a heightened showing of the four factors above. *Little*, 607 F.3d at 1251.  Because preliminary injunctions and TRO's are drastic remedies—"the exception rather than the rule— plaintiffs must show that they are clearly and unequivocally entitled to relief." *Adrian v. Westar Energy, Inc.*, No. 11-1265-KHV, 2011 WL 6026148, at *3 (D. Kan. 2011) (citations omitted).

Plaintiff's Complaint has not passed screening.  The Court finds that Plaintiff has not met his burden to make a heightened showing that entry of a preliminary injunction is warranted at this time; he has not demonstrated a likelihood of irreparable harm or success on the merits such that his right to relief is clear and unequivocal.  The Court denies the motion without prejudice to refiling if Plaintiff's Complaint survives screening.

**V.  Response Required**

Plaintiff is required to show good cause why Plaintiff's Complaint should not be dismissed for the reasons stated herein.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff is granted until **November 4, 2024,** in which to show good cause, in writing, why Plaintiff's Complaint should not be dismissed for the reasons stated herein.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Preliminary Injunction (Doc. 4) is **denied**.

**IT IS SO ORDERED**.

**Dated October 4, 2024, in Kansas City, Kansas.**

**S/  John W. Lungstrum**
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**