IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

STEVEN CRUMP,

    **Plaintiff,**

    v.                                      CASE NO. 24-3136-JWL

FISHER PATTERSON SAYLER
& SMITH, LLP, et al.,

    **Defendants.**

## MEMORANDUM AND ORDER

This matter is a civil rights action filed under 42 U.S.C. § 1983. Plaintiff is detained at the Johnson County Adult Detention Center in Olathe, Kansas ("JCADC"). Plaintiff has been granted leave to proceed in forma pauperis. Plaintiff alleges that the defendants purposefully mishandled his medical records resulting in exposure of his personal information.

On October 4, 2024, the Court entered a Memorandum and Order to Show Cause (Doc. 6) ("MOSC") ordering Plaintiff to show good cause why his Complaint should not be dismissed. This matter is before the Court on Plaintiff's response ("Response," Doc. 7-1).

In Count I of the Complaint, Plaintiff alleges violation of 18 U.S.C. § 1509. The MOSC found that 18 U.S.C. § 1509 is a federal criminal statute that does not provide Plaintiff with a private cause of action. *See Andrews v. Heaton*, 483 F.3d 1070, 1076 (10th Cir. 2007); *Lynch v. Bulman*, 2007 WL 2993612, *2 (10th Cir. 2007) (unpublished opinion). Plaintiff does not discuss Count I in his Response. Count I is dismissed for failure to state a claim.

The MOSC determined that Count II of the Complaint, titled "14th Amendment Right to Privacy," is also subject to dismissal for failure to state a claim. The Court found that "it can no

1

longer be said in the context of government disclosure of information that '[t]here is *no dispute* that confidential medical information is entitled to constitutional privacy protection.'" *Leiser v. Moore*, 903 F.3d 1137, 1144–45 (10th Cir. 2018) *(quoting A.L.A. v. West Valley City*, 26 F.3d 989, 990 (10th Cir. 1994) (emphasis added)). The Tenth Circuit in *Leiser* explained that "[t]he Supreme Court has stated that this is an open question—it has never held that there is a constitutional right to prevent government disclosure of private information." *Id*. The Tenth Circuit went on to suggest that it would be consistent with its precedent to find that "disclosures are prohibited only when they shock the conscience," referring to two cases finding a constitutional violation where government officials disclosed a person's HIV status to the person's relatives, acquaintances, and employers. *Id.* (discussing *A.L.A.*, 26 F.3d at 990, and *Herring v. Keenan*, 218 F.3d 1171, 1173 (10th Cir. 2000). The MOSC concluded that the disclosure of medical information alleged in Plaintiff's Complaint does not rise to the level of conscience-shocking.

In his Response, Plaintiff disagrees with the Court, using inflammatory language, unsubstantiated accusations, and unsupported assertions. For instance, he alleges that the public can access his medical information while providing no support for this claim. He does not call *Leiser* into question or demonstrate that the alleged possible disclosure of his JCADC medical record to an employee of the mail-handling company in the circumstances described shocks the conscience. The Court does not find malicious intent merely from the fact that a law enforcement agency or municipality hired a private law firm to assist with legal matters. Count II is dismissed for failure to state a claim.

The MOSC found that Count III, titled "Monell Claim," is subject to dismissal because Plaintiff fails to state a claim for violation of his constitutional rights, meaning by extension there can be no municipal or supervisory liability for a violation. Count III is dismissed.

The MOSC found that Counts IV and V were state law causes of action and did not state actionable claims for violation of Plaintiff's constitutional rights. Plaintiff does not address this finding in his Response. Counts IV and V are dismissed for failure to state a claim.

Count VI attempts to bring a claim for legal malpractice. The MOSC found that Plaintiff cannot state a claim for legal malpractice against Fisher Patterson because he has not alleged that he had an attorney-client relationship with Fisher Patterson. *See Phillips v. Carson,* 731 P.2d 820 (Kan. 1987). Plaintiff does not address this finding in his Response. This count is dismissed for failure to state a claim.

The MOSC also found that Plaintiff failed to allege any physical injury resulting from the alleged constitutional violation. Plaintiff does not dispute this in his Response. Section 1997e(e) provides in pertinent part that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). Because Plaintiff suffered no physical injury, he may not recover compensatory damages. Plaintiff's request for compensatory damages is barred.

Plaintiff brings a claim for punitive damages in Count VII. The MOSC found that Plaintiff presents no plausible basis for a claim of punitive damages because he alleges no facts whatsoever establishing that any defendant acted with a sufficiently culpable state of mind. In his Response, Plaintiff does not adequately address these concerns; he makes many conclusory, unsupported, and inflammatory allegations about the defendants' state of mind but provides no credible support for his allegations. Furthermore, without a constitutional violation, Plaintiff's claim for punitive damages is moot. Count VII is dismissed.

Finally, Plaintiff attempts to assert an additional theory of liability in his Response. He claims the defendants are liable under the "State Created Danger Theory." "The state-created danger theory is a means by which a state actor might be held liable for an act of private violence absent a custodial relationship between the victim and the State, under narrowly prescribed circumstances bearing upon conduct, causation, and state of mind, *provided* the danger the state actor created, or rendered the victim more vulnerable to, precipitated a deprivation of life, liberty, or property in the constitutional sense." *Gray v. Univ. of Colorado Hosp. Auth.*, 672 F.3d 909, 922 (10th Cir. 2012). The theory is not applicable here where Plaintiff has not alleged an act of violence.

The MOSC also found that neither Fisher Patterson nor the six defendants who are attorneys or employees of Fisher Patterson are proper defendants to a § 1983 action because they did not act under color of state law. *See Beedle v. Wilson*, 422 F.3d 1059, 1073 (10th Cir. 2005) (holding that an attorney and law firm were not state actors when they represented a county hospital where they were just acting in their professional capacity). In his response, Plaintiff argues that Fisher Patterson engaged in joint action with the Sheriff's Office by conspiring to release his private information, an intentional constitutional violation. He asserts that the Sheriff's Office came up with the scheme of using Fisher Patterson to shield itself from liability. He makes statements such as, "Mrs. Crabb, through malice and instruction from the Sheriff's Office management intentionally tried to circumvent all accountability of constitutional rights and constitutional violations by utilizing a third party, private party" (Doc. 7-1, at 2.) and "Fisher Law Firm provid[ed] the Sheriff's Office with legal advice on how to violate Crump's constitutional rights by having Fisher Law Firm deliver the data" (*id.* at 6).

Plaintiff fails to provide any facts showing that Fisher Patterson and its employees acted beyond their professional capacity. The Fisher Patterson defendants are subject to dismissal from this lawsuit.

In conclusion, Plaintiff has failed to show good cause why his Complaint should not be dismissed for the reasons discussed above and in the MOSC.

**IT IS THEREFORE ORDERED BY THE COURT** that this matter is **dismissed** for failure to state a claim upon which relief may be granted.

**IT IS SO ORDERED**.

**Dated December 13, 2024, in Kansas City, Kansas.**

>     **S/ John W. Lungstrum**
>     **JOHN W. LUNGSTRUM**
>     **UNITED STATES DISTRICT JUDGE**